# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KIMBERLY D. BAILEY,[1]
    Appellant,

    v.

DEPARTMENT OF THE ARMY,
    Agency.

DOCKET NUMBER
AT-0752-13-4344-I-1

DATE: September 24, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Kimberly D. Bailey</u>, Columbus, Georgia, pro se.

<u>Anne M. Norfolk</u>, Esquire, Fort Benning, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed this furlough appeal as moot. Generally, we grant petitions such as this

---

[1] Pursuant to 5 C.F.R. § 1201.36, this appeal was part of a consolidation, *In re: Medical Command, Fort Benning v. Department of the Army*, MSPB Docket No. AT-0752-14-0200-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant filed this appeal concerning a July 1, 2013 decision to furlough her for no more than 11 workdays during fiscal year 2013.  Initial Appeal File (IAF), Tab 1.  On June 10, 2014, the agency filed a motion to dismiss this appeal.  IAF, Tab 2 at 3.  The agency represented that it had determined the appellant did not receive a furlough decision from someone with the authority to issue a decision, and it had therefore taken action to cancel the appellant's furlough and restore her pay for the days she was improperly furloughed.  *Id*.  On July 8, 2014, the agency submitted a declaration from a civilian pay technician who verified that she had reviewed the pay records for the appellant and confirmed that she had been paid for the 6 days of furlough for which she was originally not paid in July and August 2013.  IAF, Tab 3 at 4.

¶3      Based on the agency's submissions, to which the appellant had not responded, the administrative judge ordered the appellant to show cause why her appeal should not be dismissed as moot.  IAF, Tab 4.  The show cause order informed the appellant, among other things, that the Board may dismiss her

appeal as moot if the appealable action was canceled or rescinded by the agency, and that, for the appeal to be deemed moot, she must have received all of the relief that she could have received if the matter had been adjudicated and she had prevailed. *Id.* at 2. The appellant filed a brief response, which consisted of the following statement:

> Now comes [the] appellant to show cause why the appeal should not be dismissed for lack of jurisdiction. Due to the furlough the appellant has suffered damages, and is now hereby, requesting compensatory damages. Therefore, she is asking that the appeal be not deemed moot until appellant has received all the relief that she could have received if the matter had been adjudicated and she had prevailed.

IAF, Tab 6 at 2.

¶4 The administrative judge found that the record evidence demonstrated that the agency canceled the appellant's furlough and paid her for the days she was furloughed. IAF, Tab 7, Initial Decision (ID) at 3. He further found that the appellant had not asserted any discrimination claim that could afford her any additional relief, such as compensatory damages, in this appeal. ID at 3-4. Accordingly, he dismissed the appeal as moot. ID at 4.

¶5 The appellant has filed a petition for review, which the agency has opposed. Petition for Review (PFR) File, Tabs 1, 3. The appellant does not contest the agency's evidence that it has canceled the furlough action and paid her the appropriate amount of back pay for the 6 furlough days. Instead, the appellant argues that "she has an outstanding discrimination case against the agency while being furloughed" that would entitle her to compensatory and punitive damages. PFR File, Tab 1 at 8. Having reviewed her petition and supporting documentation, it appears that the appellant is referring to discrimination cases that are pending in other forums. Specifically, she refers to three cases pending with the Equal Employment Opportunity Commission and one matter pending with the U.S. District Court for the Middle District of Georgia concerning matters that do not include the furlough at issue in this appeal. *Id.* at 9 & attachments.

¶6     The appellant did not raise any such claims before the administrative judge. In her initial Board appeal, the appellant merely indicated that she was appealing the furlough decision, and she did not raise any discrimination claim or allege facts that might support such a claim or any affirmative defense that could lead to an award of consequential or compensatory damages.  IAF, Tab 1.  *See generally* 5 C.F.R. §§ 1201.201(c)-(d), .202(b)-(c) (concerning the scope of the Board's authority to award such damages).  Nor did she raise such a claim in her response to the show cause order, in which she made a bare request for compensatory damages because she had suffered damages due to the furlough.  IAF, Tab 6 at 2. Thus, we agree with the administrative judge's finding that the appellant did not raise a discrimination claim.  ID at 3; *see Patterson v.  Department of the Air Force*, 39 M.S.P.R. 413, 415, *aff'd*, 878 F.2d 1446 (Fed. Cir. 1989) (Table).

¶7     Even now, on petition for review, the appellant does not appear to be arguing that her furlough was taken for discriminatory reasons.[3]  Rather, she asserts that she has claims pending against the agency regarding other matters in other forums that might lead to damages.[4]  These claims do not entitle her to any relief in this furlough appeal.  In any event, we find no basis on this record for allowing the appellant to raise a new claim or affirmative defense for the first time on petition for review.  *See Patterson*, 39 M.S.P.R. at 416; *see also* 5 C.F.R. § 1201.115.

¶8     We acknowledge the appellant's references to financial difficulties, bankruptcy, and the need to take out multiple loans.  *See* PFR File, Tab 1 (July 21, 2013 Explanation of Emergency Situation).  Beyond the back pay

[3] The initial decision informed the appellant that her claim may be dismissed as moot if factual allegations in support of a discrimination claim cannot support an inference that the agency acted in a manner that would entitle the appellant to an award of compensatory damages.  ID at 2-3.  Her submissions on review do not contain such factual allegations about the furlough action.

[4] For purposes of this decision, we assume that the appellant may be entitled to the damages and relief she claims in these other cases, but we make no finding on these matters that are beyond the scope of this furlough appeal.

already provided by the agency, however, the Board would lack the authority to order a remedy for such matters even if the appellant had prevailed in this furlough appeal after a full adjudication. Thus, they do not provide a basis for disturbing the administrative judge's finding that the appeal is moot. *See generally Fernandez v. Department of Justice*, 105 M.S.P.R. 443, ¶ 5 (2007) (explaining that an appeal is moot if the appealed action is canceled or rescinded by the agency and the appellant has received all of the relief that she could have received if the matter had been adjudicated and she had prevailed).

¶9    Accordingly, having considered the record in this matter, we find no reason to disturb the administrative judge's conclusion that the appeal is moot because the appellant has received all the relief to which she could be entitled on the claims raised in this appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.